United States District Court
Southern District of Texas
**ENTERED**
January 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO DE LOS REYES, | § | |
| TDCJ # 01878980, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-0052 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Francisco de los Reyes, an inmate in Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges convictions from El Paso County entered in 2013. After reviewing the pleadings, the Court concludes that this action must be transferred to the Western District of Texas for reasons set forth briefly below.

Because the petitioner is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

El Paso County, where the challenged state-court convictions were entered, is located in the Western District of Texas, El Paso Division. *See* 28 U.S.C. § 124(d)(3). The Terrell Unit, where the petitioner was incarcerated at the time he filed his petition, is located in Brazoria County, which is in the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1). Although the petition was properly filed in the Southern District of Texas for purposes of § 2441(d), the challenged conviction has no ties to this district. Under these circumstances, and in the interest of justice, a transfer to the Western District of Texas is appropriate. *See* 28 U.S.C. § 1404(a); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).

In the exercise of its discretion and in furtherance of justice, this Court will transfer the petition pursuant to § 2241(d) and Southern District policy. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered).

Therefore, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas action to the United States District Court for the Western District of Texas, El Paso Division, and to provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 22, 2024.

*George C. Hanks, Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE